Case 4:15-cr-01868-JGZ-BPV   Document 57   Filed 02/26/16   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Eduardo Vasquez Durazo,<br><br>    Defendant. | NO.   CR 15-01868-TUC-JGZ(BPV)<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO SUPPRESS** |

On September 22, 2015, Defendant Eduardo Vasquez Durazo was arrested for possession of marijuana. The Defendant was indicted on October 21, 2015 [Doc. 12]. On January 5, 2016, Defendant filed a Motion for Disclosure [Doc. 22], Motion to Suppress (Arrest for Alien Smuggling) [Doc. 23], Motion to Dismiss/Suppress Evidence (No Reasonable Suspicion to Stop/Illegal Detention) [Doc. 24], and Motion to Suppress (Involuntary Consent; Illegal Search) [Doc. 25]. The Government filed Responses [Docs. 32 and 33] to the Motion to Dismiss/Suppress (No Reasonable Suspicion to Stop/Illegal Detention) and the Motion to Suppress (Involuntary Consent; Illegal Search) on January 15, 2016. On January 19, 2016, Defendant filed a Supplemental Memorandum [Doc. 34] to his Motion to Suppress (Arrest for Alien Smuggling). The Government filed a Response [Doc. 38] to Defendant's Motion for Disclosure on January 19, 2016, and a Notice of Other Acts Evidence Under Rule 404(b)/Response to Motion to Preclude Arrest for Alien Smuggling [Doc. 39]. On January 25, 2016, Defendant filed a Response [Doc. 41] to the Government's Notice of Other Acts. The Government filed Supplemental Authority re 404(b) Oral

1 | Argument [Doc. 47] on January 26, 2016.

2 |     The matter came on for Evidentiary Hearing before the Court on January 26, 2016.
3 | The Government called as a witness Border Patrol Agent Eric Jaramillo. The defense called
4 | no witnesses. The Court **GRANTED** Defendant's Motion for Disclosure [Doc. 22] and took
5 | under advisement the Motions to Suppress [Docs. 23, 24, and 25].

6 |     The Court, having considered the briefing, arguments, and evidence presented,
7 | recommends that the District Judge, after her independent review and consideration, enter
8 | an order **DENYING** Defendant's Motion to Suppress (No Reasonable Suspicion to Stop)
9 | [Doc. 24] and **GRANTING** Defendant's Motion to Suppress (Arrest for Alien Smuggling)
10 | [Doc. 23] and Defendant's Motion to Suppress (Involuntary Consent) [Doc. 25].

## FACTS

12 |     On September 22, 2015, Defendant Eduardo Vasquez Durazo was driving north on
13 | Highway 191. His vehicle was a crew cab Ford F-250 registered to him out of Douglas,
14 | Arizona. Highway 191 on a southbound route leads to Elfrida, then to Douglas Arizona. On
15 | a northbound route Highway 191 allows one two ways to travel to Interstate 10 or via other
16 | roads to Kansas Settlement and Wilcox. On September 22, 2015, the Highway 191
17 | checkpoint was closed due to weather conditions. Consequently, the highway was believed
18 | to be a period of increased smuggling activity.

19 |     On that particular day, U.S. Border Patrol Agent Eric Jaramillo was parked at
20 | Milepost 43 on Highway 191. He observed the Ford F-250 pass his location, followed by
21 | a Jeep SUV. The Jeep was registered out of Cottonwood, Arizona (a town off I-10 north of
22 | Phoenix, Arizona).

23 |     The agent also observed that the Ford F-250 had an orange stop light on its cab, but
24 | that the vehicle had no business advertising or registration. He also learned that Defendant
25 | Durazo had previously been arrested for alien smuggling.

26 |     In pursuit of these two vehicles, Agent Jaramillo observed both vehicles drive past the
27 | Dragoon Road turnoff (considered by some a closer route to westbound I-10 traffic). While
28 | Agent Jaramillo followed these vehicles for 12 miles, he called for law enforcement support

1 to stop the Jeep. Agent Jaramillo suspected both vehicles were involved in an illegal
2 smuggling joint venture. He initiated a stop of Defendant Durazo, which occurred at
3 Milepost 64 on Highway 191. The stop was without incident.

4 Following the stop, Agent Jaramillo approached Defendant Durazo, observed that he
5 was the sole occupant of his vehicle, and Jaramillo was unable to see into the back of the
6 crew cab because of the dark window tinting. During the stop, Agent Jaramillo detected the
7 odor of axle grease (an odor masking agent) and learned that Defendant Durazo was going
8 to Tucson for auto parts. Agent Jaramillo was suspicious of this because Defendant Durazo
9 did not take the Dragoon Road exit. He asked the Defendant, "Can I look in the back seat?"
10 The Defendant said he could, adding that all he had was tools. Agent Jaramillo opened the
11 rear door and found no occupants and no tools. He did see rumpled back seat upholstery.

12 Agent Jaramillo did not request permission to search, but proceeded to move the rear
13 seat backwards and separated a flap on the seat cover. He discovered the marijuana at issue.
14 Post-arrest, Agent Jaramillo learned the Jeep SUV was not involved in any joint venture with
15 the Ford F-250.

## **DISCUSSION**

17 At the moment Agent Jaramillo asked for permission to look, he knew or suspected
18 that Durazo:
19     1.    was an alien smuggler,
20     2.    was driving on Highway 191 when the checkpoint was closed,
21     3.    was traveling in tandem with a Jeep,
22     4.    was not taking what Jaramillo considered the quickest route to Tucson,
23     5.    had a vehicle that smelled of axle grease, and suspected drug smuggling.
24 Upon opening the rear door, Agent Jaramillo knew:
25     1.    Durazo was not smuggling aliens,
26     2.    Durazo was not visibly transporting drugs.
27 The Defendant's consent ended and did not extend to a search of his vehicle.
28 As far as this Court knows, permission to look does not include permission to touch.

Any misunderstanding could have and should have been clarified by Agent Jaramillo.

The odor of axle grease can be interpreted in two ways: 1) It supports the Defendant's auto parts claim, or 2) The agent's suspicion of drug activity. Taking Highway 191 to I-10 versus the Dragoon Road exit to I-10 is made to sound suspicious based solely on distance rather than time and convenience. Dragoon Road may be shorter, but Highway 191 is an easier drive, without concern of a train crossing delay, and with a gas station/market at its I-10 terminus.

Regardless of these debate points, it is clear the agent's conduct exceeded the scope of the consent given. This Court cannot find that the Defendant knowingly and voluntarily consented to a search by granting the agent permission to look.

## **CONCLUSION**

It is the recommendation of this Court that the District Judge, after her independent review and consideration, enter an Order **DENYING** Defendant's Motion to Suppress (No Reasonable Suspicion to Stop) [Doc. 24] and **GRANTING** Defendant's Motion to Suppress (Arrest for Alien Smuggling) [Doc. 23] and Defendant's Motion to Suppress (Involuntary Consent) [Doc. 25].

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections and Responses to objections filed should be filed as CR 15-01868-TUC-JGZ. No Replies shall be filed unless leave is granted from the District Court.

DATED this 25th day of February, 2016.

_____
Bernardo P. Velasco
United States Magistrate Judge